E-FILED
Monday, 26 November, 2012  03:31:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AF Holdings LLC, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 12-1398 |
| | ) | |
| John Doe | ) | |
|         Defendant | ) | |

**ORDER**

Plaintiff AF Holdings LLC moves ex parte for an Order granting it limited discovery before a Rule 26(f) Conference. As stated herein, the Motion (#4) is GRANTED.

I. INTRODUCTION

The complaint in this matter sets out a copyright infringement based on the John Doe's use of the Internet and the BitTorrent protocol to commit that infringement. John Doe has an Internet Protocol (IP) number, assigned by his or her respective Internet Service Provider (ISP). The ISP maintains internal logs recording the date, time and customer identify for each IP address assignment made by the ISP. Using special software, Plaintiff alleges that it was able to identify the IP number of the alleged infringer. The details of the technology involved and its use in this case are stated in an affidavit attached to the motion.

The only way Plaintiff has to actually identify John Doe - so that service of process may be had and the case may truly commence - is to obtain that information from the Internet Service Providers (ISP). Plaintiff asks for leave to serve Rule 45 subpoenas on John Doe's ISP and any related intermediary ISPs, demanding the true name, address, telephone number, email address, and Media Access Control (MAC) address [1] of the John Doe to whom the ISP issued the pertinent IP address.

---

[1] This address identifies the hardware connected to a network.

## II. DISCUSSION

The Federal Rules of Civil Procedure permit a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," which matter expressly includes "the identity and location of persons who know of any discoverable matter." FRCP 26(b)(1). The scope of discovery under Rule 26 permits a party to obtain "discoverable matter" relevant to its claims, irrespective of the location of such evidence. See discussion in *AF Holdings LLC v Does 1-1, 058*, 2012 WL 3204917 (DDC 2012).

This Rule also gives the district courts broad discretion in matters relating to discovery. *Semien v Life Insurance Company of North America*, 436 F3d 805, 813 (7th Cir 2006); *Nieman v Grange Mutual Insurance Co*, 2012 WL 5029875 (CD Ill), citing *Brown–Bey v United States*, 720 F2d 467, 470–471 (7th Cir 1983); *Eggleston v Chicago Journeymen Plumbers' Local Union 130*, 657 F2d 890, 902 (7th Cir1981); *Indianapolis Colts v Mayor and City Council of Baltimore*, 775 F2d 177, 183 (7th Cir1985).

Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, "except ... when authorized by ... court order." FRCP26(d)(1). To determine whether to authorize expedited discovery in a particular case, courts generally apply a "good cause" standard. FRCP 26(b)("for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.") See also, for example, *Malibu Media, LLC v John Does 1-23*, 2012 WL 1144822 (D Colo 2012); *Arista Records LLC v Does 1-19*, 551 FSupp2d 1 (DDC 2008); *Interscope Records v Does 1–14*, 2007 WL 2900210, *1 (D Kan); *Warner Bros. Records, Inc. v Does 1–14,* 2007 WL 1960602, *1 (D Utah ); *LaFace Records LLC v Does 1-5*, 2007 WL 2867351, *1 (WD Mich); *OpenMind Solutions, Inc. v Does 1-39*, 2011 WL 4715200 (ND Cal 2011).

I find that good cause exists to permit Plaintiff to conduct pre-conference discovery to ascertain the identities of the Doe Defendant. Because of the very nature of internet infringement, it is often the

case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy.

Efforts to learn the identity of potential infringers would meet that "good cause" standard, at least if the complaint appears to state a prima facie claim of copyright infringement. Basic copyright principles are clear. The owner of a copyright has the exclusive right to reproduce and distribute copies of a copyrighted work. *See* 17 USC § 106. To establish infringement of copyright, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc v Rural Telephone Service Co,* 499 US 340, 361 (1991). It is also well established that "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer," *Gershwin Publishing Corp v Columbia Artists Management, Inc,* 443 F2d 1159, 1162 (2d Cir 1971) ("*Gershwin*"). See, for example, *Metro–Goldwyn–Mayer Studios Inc v Grokster, Ltd,* 545 US 913, 930 (2005).

The complaint in this case alleges that Plaintiff is the exclusive holder of the copyright to the video in question; that using forensic software it was able to identify John Doe's IP address as 99.46.242.157; that using that address, John Doe intentionally participated in a swarm the purpose of which was to reproduce and distribute the video to third parties without the permission of the Plaintiff. The complaint satisfies the requirement that it state a prima facie claim of copyright infringement.

Moreover, as noted under nearly identical circumstances by the Court in *Arista Records,* good cause for expedited discovery exists because the "[d]efendants must be identified before this suit can progress further." 551 F Supp 2d at 6. John Doe is alleged to have engaged in anonymous online behavior, which will remain anonymous unless Plaintiff is able to ascertain his/her identity. Thus, Plaintiff's belief that there are no practical methods to discover John Doe's identity without court-

ordered discovery is reasonable.

Finally, the discovery sought by Plaintiff is narrow and focused. Plaintiff has specifically identified the ISP from which this focused discovery is sought, and has explained the likelihood that the ISP will be able to identify John Doe with specificity, which will allow him/her to be served with process and participate in this litigation.

## III. CONCLUSION

Plaintiff's motion [#4] is therefore GRANTED, and Plaintiff is permitted to conduct expedited discovery, pursuant to Fed.R.Civ.P. 45, for the limited purpose of discovering the identities of the John Doe Defendant, as follows:

1. Plaintiff has established that "good cause" exists for it to service third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs").
2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned the IP Address 99.46.242.157 . Plaintiff shall attached to the subpoena a copy of this Order.
3. The ISP shall comply with 57 U.S.C. § 551(c)(2)(B) by notifying the subscriber identified of this Order.
5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

ENTER this 26th day of November, 2012.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

4